# United States District Court
## Eastern District of New York

| | |
|---|---|
| YANFANG WANG, | *Plaintiff,* |
| *-against-* | |
| ZHI WEI LIU, JOHN DOE (Friend of Zhi Wei Liu who assaulted Plaintiff), JANE DOE (Wife of Zhi Wei Liu who assaulted Plaintiff), JOHN DOE POLICE OFFICERS 1-5 (NYPD Officers from the 109th Precinct involved in arrest and detention, in their individual capacities), | Index No.: 1:25-cv-05106-RER-JRC |
| | *Defendants.* |

# FIRST AMENDED COMPLAINT

*Jury Trial Demanded*

/s/ Yanfang Wang (*Pro Se*)

48-40 196th St, Flushing, NY 11365

Phone: 212-222-6688

Email: lingxi@gmail.com

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims against Defendants John Doe Police Officers 1-5 for false arrest, excessive force, and deliberate indifference to serious medical needs arise under the Constitution of the United States and federal law, specifically 42 U.S.C. § 1983.

2.      This Court has supplemental jurisdiction over Plaintiff's state-law claims for battery, assault, and intentional infliction of emotional distress against Defendants Zhi Wei Liu, John Doe, and Jane Doe pursuant to 28 U.S.C. § 1367. These state-law claims derive from a common nucleus of operative facts with the federal claims, as they arise from the same series of events that occurred on August 19, 2025, and form part of the same case or controversy.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in Queens County, New York.

## II. PARTIES

4.      Plaintiff Yanfang Wang is a citizen of China residing at 48-40 196th St, Flushing, NY 11365, with pending asylum status.

5.      Defendant Zhi Wei Liu is a resident of New York, believed to be born in 1984, who assaulted Plaintiff with a glass bottle. He is the owner of Power Station Auto Repair Inc., with a business address at 166-02 Northern Blvd, Flushing, NY 11358.

6.      Defendant John Doe is a resident of New York, a friend of Zhi Wei Liu, who pushed and punched Plaintiff and Plaintiff's friend Xiao Qin.

1

7.      Defendant Jane Doe is a resident of New York, the wife of Zhi Wei Liu, who physically interfered by pushing Plaintiff and pulling Plaintiff's hands without consent.

8.      Defendants John Doe Police Officers 1-5 are NYPD officers from Precinct 109, sued in their individual capacities for constitutional violations. Their identities will be ascertained through discovery.

## III. FACTUAL ALLEGATIONS

*A Peaceful Dinner Devolves into Unprovoked Hostility*

9.      Plaintiff Yanfang Wang, a dedicated individual from China seeking asylum in the United States, works diligently as a driver for GoGo, a Chinese express delivery company, while also serving as a part-time online broadcaster sharing insights on American society, life experiences, and practical knowledge to help others navigate similar challenges. On the evening of August 19, 2025, around 8:15 PM, Plaintiff arrived at Jiuhao BBQ Restaurant, located at 34-40 Union St, Flushing, NY 11354, accompanied by his colleague Xiao Qin and an acquaintance known by the net name "Guan Dian." The gathering was arranged by "Guan Dian," a fan of Plaintiff's broadcasts, who had invited him for dinner with the hope of receiving assistance in finding employment, reflecting Plaintiff's commitment to supporting his community.

10.     The group of three enjoyed a meal without any prior interaction, exchange, or conflict with the Defendants or their party, who were seated separately and unknown to Plaintiff. After consuming their meal for approximately 40-45 minutes, nearing completion, Plaintiff and Xiao Qin proceeded to the restroom, situated about 10 meters from their table in a camera-free blind spot near the restaurant's rear door.

11.     Upon discovering the restroom occupied, Plaintiff and Xiao Qin stepped outside through the nearby rear door, approximately three meters away, to smoke two cigarettes, a brief interlude

2

lasting about 15 minutes. From this vantage point, with the door ajar, they could clearly observe the restroom entrance. During this time, several other patrons knocked on the restroom door without receiving a response, underscoring the shared frustration in the noisy environment.

12.     As their cigarettes concluded, Plaintiff returned and gently knocked on the door. At that moment, an unidentified woman emerged and immediately confronted Plaintiff aggressively, shouting and accusing him of ignoring her calls of occupancy from inside. Plaintiff apologized politely, explaining the external noise had masked her earlier statements, which she claimed to have repeated loudly. The exchange escalated when she demanded to know "what to do about it," to which Plaintiff responded calmly, suggesting it was a minor issue with no harm done. However, the woman paused, then suddenly screamed hysterically toward the ceiling, displaying uncontrolled emotions that left Plaintiff stunned and concerned for her well-being. Seeking to de-escalate, Plaintiff stated he would not continue the conversation, noting her behavior seemed erratic, and entered the restroom to relieve himself. Plaintiff has no recollection of this woman participating in any subsequent physical assault.

### The Vicious and Coordinated Assault

13.     Emerging moments later, Plaintiff was horrified to witness Defendant John Doe physically pushing and shoving Xiao Qin at the restroom doorway, surrounded by the unidentified woman and two other men, including Defendant Zhi Wei Liu, totaling four individuals from their group. Acting as a peacemaker, Plaintiff intervened verbally, asserting, "If there's an issue, let's discuss it without hands—talk it out, no fighting."

14.     Before Plaintiff could fully process the scene, and without any physical provocation whatsoever from Plaintiff, Defendant Zhi Wei Liu, without provocation or warning, grabbed a 300ml Budweiser glass bottle and smashed it with extreme force directly onto Plaintiff's head,

3

shattering it upon impact and causing immediate, severe bleeding. The blow inflicted a 1cm-long, 2mm-deep laceration on his scalp and numerous painful scratches across his face from the exploding glass shards. As Plaintiff instinctively raised his arms to protect his head from the overhead assault, the falling glass from the shattered bottle caused a 5cm-long, 2mm-deep puncture wound on his foot, which later required five stitches, along with extensive abrasions on his lower leg.

15.     Stunned but resolute, Plaintiff did not retaliate aggressively; as confirmed by eyewitnesses, he threw no punches, did not push, and engaged in no form of violent reprisal. Instead, he clutched his wound with one hand to stem the profuse blood flow while firmly grasping Zhi Wei Liu's clothing with the other to prevent his escape, demonstrating remarkable restraint amid excruciating pain and chaos. As Plaintiff maintained his hold, Defendant Jane Doe—Zhi Wei Liu's wife—intervened by repeatedly grasping and pulling at Plaintiff's hands in an unauthorized and forceful manner, attempting to separate them and enable her husband to flee. Simultaneously, Defendant John Doe delivered several punches to Plaintiff, though Plaintiff's focus remained singularly on securing Zhi Wei Liu.

16.     During the struggle, Zhi Wei Liu's shirt ripped. Once momentarily free, he escalated to a potentially lethal level by running to a nearby table, grabbing a sharp object—believed to be scissors—and lunging toward Plaintiff with intent to stab him, an act captured on video. Bystanders, including Plaintiff's acquaintance "Guan Dian" who embraced Zhi Wei Liu from behind, intervened to disarm him, with one witness audibly protesting, "This is too much—using that in a fight is over the line." Throughout, restaurant worker Hong Zhang was present, actively attempting to mediate and de-escalate the situation.

4

17.    Undeterred by the assaults and his injuries, Plaintiff maneuvered Zhi Wei Liu into a corner booth, a dead-end position, seating himself on the outer edge to block escape while awaiting police. During this tense wait, Plaintiff warned Zhi Wei Liu of the serious consequences of assault in America, only to be met with defiant taunts: "Don't worry, fighting means nothing to me—you'll be the one arrested, and I'll walk free."

*The Gross Miscarriage of Justice by the NYPD*

18.    When John Doe Police Officers 1-5 from Precinct 109 arrived, they were met with an unambiguous scene: Plaintiff bleeding profusely from his head and foot, while Zhi Wei Liu remained physically unharmed. The Officers conducted a constitutionally deficient investigation by deliberately refusing to ascertain the facts from readily available sources. Specifically, at least four independent restaurant patrons who spoke clear and fluent English approached the Officers. These witnesses attempted to provide statements, telling the Officers that Defendant Liu's narrative was false and that Plaintiff was the victim who had never fought back. The Officers looked directly at these witnesses but deliberately ignored their offers to testify, refusing to record their names, contact information, or official statements. The Officers also failed to request a qualified Mandarin interpreter to obtain a statement from the obvious, bleeding victim.

19.    Instead, the Officers exclusively listened to the self-serving, false narrative provided in English by Zhi Wei Liu and others in his group, ignoring physical evidence such as Plaintiff's severe injuries versus Liu's lack thereof, and arrested Plaintiff without probable cause. Officers then directed Plaintiff to an ambulance, where medical personnel deemed injuries minor despite visible bleeding and pressured signature on a refusal-of-treatment form. Plaintiff refused, demanding care. A brief telephone call to a Chinese interpreter was initiated but terminated abruptly before Plaintiff could fully explain, denying due process.

5

20.     Immediately thereafter, without probable cause, the Officers handcuffed and arrested Plaintiff, transporting him to Precinct 109, where Xiao Qin had also been arrested.

*Deliberate Indifference to Serious Medical Needs in Custody*

21.     At the precinct, Plaintiff's bleeding wounds constituted an obvious serious medical need, yet he was placed in a holding cell and denied attention for hours, with Officers deliberately indifferent to his suffering. One or more Officers coerced him against seeking treatment, warning it would delay court and extend detention—a tactic without medical qualification. Plaintiff persisted, and after a one-to-two-hour delay, medical personnel arrived, questioning false records of prior refusals. Plaintiff clarified he had never refused, a statement overheard by Xiao Qin.

22.     Officers transported Plaintiff to a hospital for treatment lasting three to four hours, including five stitches and adhesive closure. Returned to the precinct, Plaintiff endured approximately 20 hours of detention without food despite requests, exacerbating his distress. Transferred to Central Booking around 7:00 PM on August 20, 2025, he waited two hours before arraignment (Case No. CR-030664-25QN), pleading not guilty to harassment (PL 240.26 01) and assault (PL 120.00 01), released on recognizance with a temporary order of protection. The next date is December 3, 2025.

*Coercive Conduct by the Assigned Public Defender*

23.     During the arraignment process, Plaintiff's assigned public defender, Eric Shapiro Renfroe, an 18B panel attorney, repeatedly pressured Plaintiff to "withdraw the case," a term mistranslated by an accompanying Chinese interpreter from discussions about pleading guilty. Over the course of multiple interactions—approximately four times—the defender advised Plaintiff that both Xiao Qin and the opposing party had agreed to withdraw, and insisted that

6

Plaintiff do the same, warning that failure to comply would jeopardize his pending asylum status and result in no compensation or punishment for the assailants. Despite Plaintiff's explanations of being the victim and his desire for justice, the defender persisted, stating that pursuing the matter was an "error" and would severely impact his immigration prospects in a country he viewed as civilized. The interpreter's phrasing, such as equating a plea to simply "letting the matter go," appeared designed to mislead Plaintiff into unwittingly admitting guilt. These interactions, occurring in person and shortly before court, heightened Plaintiff's emotional distress, including feelings of helplessness and betrayal by the legal system, though no claims are asserted against the defender herein.

24.     As a direct result, Plaintiff suffered profound physical pain, medical expenses, lost wages, and severe emotional distress, including depression, anxiety, and fear for his asylum status, transforming a community gathering into a harrowing ordeal of violence and systemic injustice.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – False Arrest in Violation of the Fourth Amendment
*(Against John Doe Police Officers 1-5)*

25.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26.     On August 19, 2025, Defendants John Doe Police Officers 1-5, acting under color of state law, intentionally and unlawfully seized and arrested Plaintiff without a warrant and without probable cause, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

7

27. Probable cause was plainly lacking. The Officers arrived to find Plaintiff bleeding profusely from multiple wounds while the primary aggressor, Defendant Zhi Wei Liu, was physically unharmed. This stark physical evidence indicated that Plaintiff was the victim, not the perpetrator.

28. Despite this dispositive evidence, the Officers conducted a constitutionally deficient investigation demonstrating a reckless disregard for the truth by: (a) failing to interview or obtain a statement from Plaintiff, the obvious victim; (b) failing to secure a qualified Mandarin interpreter to allow Plaintiff a meaningful opportunity to describe the assault; and (c) actively refusing to interview or even identify at least four independent, English-speaking eyewitnesses who approached the Officers at the scene and offered direct, exculpatory testimony confirming Plaintiff was the victim and should not be arrested.

29. A reasonable police officer, under these circumstances, would not have concluded that Plaintiff had committed any crime. The arrest was based on the Officers' deliberate or reckless disregard for the truth.

30. As a direct and proximate result of the Officers' unconstitutional actions, Plaintiff was unlawfully deprived of his liberty for approximately 20 hours, subjected to the humiliation of arrest and booking, and forced to defend against baseless criminal charges, causing him significant emotional distress, reputational harm, and financial loss.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment

*(Against John Doe Police Officers 1-5)*

31.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     As a pre-trial detainee, Plaintiff possessed a clearly established right under the Fourteenth Amendment's Due Process Clause to receive adequate medical care for serious medical needs.

33.     Plaintiff's actively bleeding lacerations to his head and foot, inflicted by a shattered glass bottle and requiring stitches, constituted an objectively serious medical need of which Defendants John Doe Police Officers 1-5 were personally aware.

34.     The Officers acted with deliberate indifference to this serious medical need by: (a) causing an unreasonable and unnecessary delay of over an hour before Plaintiff received medical attention at the precinct; (b) actively coercing Plaintiff to forgo treatment by threatening that seeking care would prolong his detention; (c) falsely informing medical personnel that Plaintiff had refused treatment; and (d) failing to provide sustenance for approximately 20 hours while Plaintiff was in custody with his injuries.

35.     As a direct and proximate result of the Officers' deliberate indifference, Plaintiff endured prolonged and unnecessary pain and suffering, risk of infection, and severe mental and emotional distress.

9

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment

*(Against John Doe Police Officers 1-5)*

36.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37.    The Fourth Amendment protects individuals from the use of excessive and unreasonable force during an arrest.

38.    Defendants John Doe Police Officers 1-5 used objectively unreasonable force in arresting Plaintiff. The force used—including handcuffing and forcibly restraining an obviously injured, bleeding victim who posed no threat and was not resisting—was excessive in relation to any legitimate law enforcement purpose, particularly given that no probable cause existed for the arrest.

39.    As a direct and proximate result of Defendants' use of excessive force, Plaintiff suffered additional physical pain, exacerbation of his injuries, and emotional trauma.

## FOURTH CAUSE OF ACTION

### Battery (State Law Claim)

*(Against Defendants Zhi Wei Liu, John Doe, and Jane Doe)*

40.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

41.    Defendant Zhi Wei Liu committed battery when he intentionally, without consent or justification, made harmful and offensive contact with Plaintiff by violently striking him on the head with a glass bottle.

10

42.     Defendant John Doe committed battery when he intentionally, without consent or justification, made harmful and offensive contact with Plaintiff by pushing and punching him.

43.     Defendant Jane Doe committed battery when she intentionally, without consent or justification, made offensive contact with Plaintiff by forcefully grabbing and pulling his hands to prevent him from restraining his attacker.

44.     As a direct and proximate result of these batteries, Plaintiff suffered severe physical injuries, including a scalp laceration, facial scratches, a deep puncture wound to his foot requiring five stitches, and abrasions, as well as significant pain, suffering, medical expenses, and lost wages.

## FIFTH CAUSE OF ACTION
### Assault (State Law Claim)
*(Against Defendants Zhi Wei Liu and John Doe)*

45.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

46.     Defendant Zhi Wei Liu committed assault when he intentionally placed Plaintiff in reasonable apprehension of imminent harmful contact by: (a) approaching with the glass bottle immediately before striking; and (b) grabbing what appeared to be scissors and lunging toward Plaintiff with the clear intent to stab him, an act prevented only by bystander intervention.

47.     Defendant John Doe committed assault when he intentionally placed Plaintiff in reasonable apprehension of imminent harmful contact by advancing on him with raised fists and punching him.

11

48.     As a direct and proximate result of these assaults, Plaintiff suffered severe emotional distress, including fear for his life and ongoing anxiety.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress (State Law Claim)

*(Against Defendants Zhi Wei Liu, John Doe, and Jane Doe)*

49.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

50.     The conduct of Defendants Zhi Wei Liu, John Doe, and Jane Doe—launching a coordinated, unprovoked, and vicious physical attack that included striking Plaintiff's head with a bottle and attempting to stab him with scissors—was extreme, outrageous, and utterly intolerable in a civilized community.

51.     Defendant Zhi Wei Liu's subsequent taunting of the bleeding Plaintiff—stating "you'll be the one arrested, and I'll walk free"—demonstrates a level of cruelty and malicious intent that shocks the conscience.

52.     These Defendants acted with the intent to cause, or with reckless disregard of the substantial probability of causing, severe emotional distress.

53.     As a direct and proximate result of their outrageous conduct, combined with the ensuing wrongful arrest they caused, Plaintiff has suffered severe emotional distress, including depression, anxiety, fear for his safety, loss of faith in the justice system, and profound concern about the impact on his pending asylum application.

12

## V. PRAYER FOR RELIEF

54.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages of $600,000, punitive damages of $1,200,000, and such other relief as the Court deems just. Plaintiff requests a jury trial.



Dated: October 28, 2025
/s/ Yanfang Wang, *Pro Se,* 48-40 196th St Flushing, NY 11365.  lingxi@gmail.com | 212-222-6688

13